J-S25008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN MORRIS | : | |
| | : | |
| Appellant | : | No. 3080 EDA 2023 |

Appeal from the PCRA Order Entered April 26, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003804-2016

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED AUGUST 19, 2024**

Appellant Calvin Morris appeals from the order entered on April 26, 2022, in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we quash this appeal.

A detailed factual history is unnecessary to our disposition. Briefly, police stopped Appellant's vehicle based on a tip and recovered a firearm. On April 28, 2017, following a bench trial, the court convicted Appellant of several firearms violations. On July 7, 2017, the court sentenced Appellant to an aggregate term of 4 to 8 years of incarceration, followed by 2 years of probation. This Court affirmed the judgment of sentence, and the

Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 19, 2019.[1]

Appellant *pro se* filed a timely PCRA petition on October 11, 2019, asserting that trial counsel was ineffective for failing to litigate a motion to suppress the firearm. His appointed counsel then filed an amended petition raising the same claim on February 17, 2021. On May 13, 2021, the Commonwealth filed a motion to dismiss Appellant's petition.

The court held an evidentiary hearing on December 3 and 16, 2021. On January 18, 2022, based on evidence adduced at the hearing, counsel filed a second amended petition asserting that trial counsel was ineffective for failing to file a motion to reveal the identity of a confidential informant and for failing to challenge the credibility of a police witness about the source of his information. The Commonwealth filed a second motion to dismiss. On April 26, 2022, the court dismissed the petition.[2]

On May 24, 2022, Appellant filed a Notice of Appeal to this Court and a Pa.R.A.P. 1925(b) Statement.[3] In response, the PCRA court filed a Rule 1925(a) Opinion asserting that it should not have dismissed the petition because "matters raised during the December 2021 evidentiary hearing,

_____

[1] **Commonwealth v. Morris**, 2019 WL 1553052 (Pa. Super. Apr. 10, 2019), *appeal denied*, 217 A.3d 203 (Pa. 2019).

[2] The court also issued a Notice of Intent to Dismiss pursuant to Pa.R.C.P. 907 on March 25, 2022, notwithstanding that it had held a hearing.

[3] That appeal was before this Court at docket number 1464 EDA 2022.

coupled with the framing of issues being raised in this appeal, caused the court to reach a different conclusion, *i.e.*, that absent counsel's failure to act, 'there is a reasonable probability that a suppression motion would have been granted'" if counsel had probed the existence of a confidential informant. *Commonwealth v. Morris*, 2023 WL 6370386 at *2, *7 (Pa. Super. Sept. 29, 2023) (unpublished memorandum) (citation omitted). Appellant failed to file a brief and on January 19, 2023, this Court remanded the case to the PCRA court to determine if counsel had abandoned Appellant.[4] We retained jurisdiction. Order (1464 EDA 2022), 1/19/23, at 1. In response, counsel filed an application for remand prior to briefing because the PCRA court no longer had jurisdiction to reverse its decision. In the alternative, Appellant requested an extension of time to file his brief. This Court denied the application in part and set a new briefing schedule. Order Denying Application for Remand (1464 EDA 2022), 3/16/23, at 1. Appellant then filed his brief.

On September 29, 2023, this Court issued a memorandum in which the panel agreed with the PCRA court's "revised determination" set forth in its Rule 1925(a) Opinion. *Morris*, 2023 WL 6370386 at *1. After acknowledging that PCRA counsel had failed to raise a meritorious claim and could not raise his own ineffectiveness, the panel vacated the April 26, 2022 order dismissing the PCRA petition and remanded for the appointment of new PCRA counsel and further proceedings.

_____

[4] The PCRA court acknowledged receipt of this order on January 20, 2023. Acknowledgement of Order (1464 EDA 2022), docketed 2/3/23, at 1.

On remand, the PCRA court appointed new counsel. Counsel then filed an amended petition erroneously claiming that this Court had dismissed the appeal filed at 1464 EDA 2022 and sought reinstatement of his PCRA appellate rights to challenge the April 26, 2022 Order, which this Court had vacated on September 29, 2023. The PCRA court, also believing that our January 19, 2023 order dismissed the appeal for failure to file a brief, reinstated Appellant's PCRA appeal rights *nunc pro tunc.* PCRA Ct. Op., 12/13/23, at 2. Appellant then filed a new notice of appeal on December 11, 2023, which is presently before us, and again challenges the court's April 26, 2022 dismissal of his PCRA petition. Appellant's Br. at 8-14.

Following our review, we conclude that this case is "before this court due to an oversight[,]" as the Commonwealth aptly explains. Commonwealth's Br. at 7. On remand, the PCRA court properly appointed new counsel, who should have raised a claim of ineffective assistance of PCRA counsel for failing to raise a claim that trial counsel provided ineffective assistance for failing to probe the existence of a confidential informant. ***Morris***, 2023 WL 6370386 at *2. Instead, counsel requested, and the trial court erroneously granted, the reinstatement of Appellant's appeal rights to challenge an order that no longer exists due to our September 29, 2023 vacatur and remand for further proceedings. Accordingly, we quash this appeal and direct Appellant and the PCRA court to follow the instructions set forth in our September 29, 2023 memorandum decision.

Appeal quashed.

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/19/2024